UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 1:13-CR-65 |
| | : |
| JEFFREY SCHMUTZLER, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.        Introduction*

This matter is before the court on Defendant's motion (Doc. 53) to withdraw the guilty plea he entered on July 29, 2013. Defendant asserts that he should be permitted to withdraw his plea because his prior counsel did not inform him of his right to file a pretrial motion challenging the indictment on the grounds of selective prosecution. Defendant's argument lacks both factual support and legal merit, and we will deny his motion.

*II.       Background*

This case stems from a joint investigation by the United States Postal Inspection Service and foreign law enforcement agencies into an international movie production company that distributed child pornography. On May 1, 2011, law enforcement officers executed a search warrant on the company's premises and seized DVDs, photos, computers, and business records, including customer shipping labels and order histories. A review of the business records indicated that Jeffrey Schmutzler of Fayetteville, Pennsylvania had placed 33 separate purchase orders through the

company's website between 2005 and 2011 for movies, photos, and video downloads of child pornography.

On March 21, 2013, officers executed a search warrant on Mr. Schmutzler's home and seized videos and images constituting child pornography. Subsequent to the search, Mr. Schmutzler was interviewed after an advisement and waiver of his *Miranda* rights. During the interview, Mr. Schmutzler admitted to receiving through the mail and via the internet the videos and photographs seized. Mr. Schmutzler also admitted that he knew it was unlawful to possess such materials.

A grand jury returned a two-count indictment (Doc. 19) on April 3, 2013 charging Defendant Schmutlzer with receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B). The court appointed counsel for Defendant and scheduled the matter for trial.

On July 22, 2013, the parties filed a written plea agreement (Doc. 38) with the court. A change of plea hearing was conducted on July 29, 2013 (Doc. 55), at which time the court advised Defendant of his rights and the Government outlined the facts supporting the charges. Defendant did not dispute the facts presented, and the court accepted his unconditional guilty plea to count one of the indictment pursuant to the plea agreement.

Prior to sentencing in this matter, Defendant retained private counsel and filed the instant motion and supporting brief (Docs. 53, 54) seeking to withdraw his guilty

plea. The Government filed a brief (Doc. 56) in opposition to Defendant's motion, and the matter is ripe for disposition.

*III.        Discussion*

Defendant seeks to withdraw his guilty plea, claiming that his prior counsel failed to inform him of his right to challenge the indictment on the grounds of selective prosecution. Because this claim lacks factual support and legal merit, Defendant has failed to satisfy the high standard for withdrawing his plea.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea after the court accepts the plea but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This burden is "substantial"–a defendant is not entitled to withdraw a guilty plea at his whim after a court has accepted it. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted); *see also United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) ("A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.") (citation omitted).

District courts must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of defendant's reasons for withdrawing the plea; and (3) whether the Government would be prejudiced by the withdrawal. *Jones*, 336 F.3d at 252; *Mendoza v. United States*, 690

F.3d 157, 160-61 (3d Cir. 2012). If the defendant fails to demonstrate that the first two factors support a withdrawal, the Government need not demonstrate prejudice. *Jones*, 336 F.3d at 255 (citation omitted).

In this instance, Defendant does *not* contend that he is innocent of the charge of receiving child pornography, nor does he address the issue of prejudice to the Government. Instead, he focuses on the second prong of the court's analysis. As the "fair and just" reason to support withdrawing his guilty plea, Defendant alleges that his prior counsel did not inform him that he could file a pretrial motion challenging the indictment on the grounds of selective prosecution. In essence, Defendant argues that he was unfairly selected for federal prosecution because he is a schoolteacher, and that individuals convicted of sexual offenses in state court receive lesser sentences than the one he faces.

Even assuming Defendant has the right to challenge his guilty plea on selective prosecution grounds,[1] he has failed to establish such a claim. "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *United States v. Schoolcraft*, 879 F.2d 64,

---

[1] Calling it an "interesting legal question," the United States Court of Appeals for the Third Circuit declined to decide "whether an unconditional guilty plea results in the waiver of a selective prosecution claim." *United States v. Davis*, 39 F. App'x 702, 704 (3d Cir. 2002); *see also United States v. Dixon*, No. 07-42, 2011 U.S. Dist. LEXIS 132195, *5-6 (E.D. Pa. Aug. 25, 2011) (noting that "[i]t has not been established in the Third Circuit whether the right to raise a claim of selective prosecution survives a valid unconditional guilty plea," but ultimately denying selective prosecution claim on its merits).

68 (3d Cir. 1989) (citations omitted). Thus, to establish a claim for selective prosecution, a defendant must: (1) provide evidence that similarly situated persons have not been prosecuted; and (2) show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right. *Id.*

Here, Defendant has failed on both fronts. With respect to the first prong, Defendant has provided no evidence to suggest, let alone establish, that similarly situated individuals have not been prosecuted. Defendant has not identified other customers of the illicit website who have been implicated during the course of this child pornography investigation, nor has he shown that they have been spared prosecution where he has not.[2]

Turning to the second prong, Defendant has not shown that the Government based its decision to prosecute him on some unjustifiable standard or other arbitrary factor. Defendant baldly claims that he was singled out for prosecution because he is a teacher, but this argument fails for two reasons. First, Defendant has not

---

[2] Defendant generally argues that individuals convicted of "substantially similar" crimes in the Commonwealth of Pennsylvania have received lower sentences than the mandatory minimum he faces in federal court. (Doc. 54 at 5-6). To that end, he attaches a spreadsheet (Doc. 54-1) purporting to contain the sentences imposed by the Commonwealth of Pennsylvania on various individuals facing state charges for child pornography and other sexual offenses. Defendant's argument and supporting exhibit are misguided, however, as he provides no explanation of how these individuals are similarly situated to him. For example, there is no indication whether any of the individuals listed acted in a manner punishable by federal law, were implicated in a federal investigation, or ever faced federal prosecution.

identified any facts which support his claim. *See United States v. Cox*, No. 12-3907, 2014 U.S. App. LEXIS 1791, *7 (3d Cir. Jan. 29, 2014) (rejecting request to withdraw guilty plea where allegations of Government misconduct "lack[ed] factual and legal support"); *United States v. Coplin*, 106 F. App'x 143, 147 (3d Cir. 2004) (rejecting selective prosecution claim where there was "no support in the record for th[e] argument"). Second, even if we found that the Government selected Defendant for prosecution because he is a teacher, we do not believe that such selection would be unjustified or unconstitutional. Given the nature of these child pornography charges, we conclude that the Government could legitimately prioritize the prosecution of individuals–like teachers–who have enhanced access to children. *See Coplin*, 106 F. App'x at 147 (noting that defendant's argument did not amount to a "claim of selective prosecution for *unconstitutional* reasons") (emphasis added).

Because Defendant has neither asserted his innocence nor provided a strong reason to withdraw his claim, we need not consider the final factor: the prejudice to the Government should Defendant be permitted to withdraw his guilty plea. We do note, however, that the prejudice in this instance is readily apparent. Defendant pleaded guilty nearly eleven months ago, and permitting him to withdraw that plea on the eve of sentencing would delay resolution of this case and require the Government to expend additional resources. Neither result is justified given that Defendant does not claim innocence and his sole basis for challenging the indictment lacks merit.

In sum, Defendant has failed to present the "fair and just" reason necessary to justify withdrawing his guilty plea, with all three factors this court must consider weighing against his request. Accordingly, the court will deny his motion to withdraw the plea.

*VI.*     *Conclusion*

For the foregoing reasons, we will deny Defendant's motion (Doc. 53) to withdraw his guilty plea. We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge