UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : |
| | : CRIMINAL NO. 1:13-CR-00065 |
| | : |
| JEFFREY SCHMUTZLER, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

We are considering a pro se motion filed by Defendant, Jeffrey Schmutzler, pursuant to 28 U.S.C. § 2255. Claiming numerous constitutional violations, Defendant asserts that his conviction and sentence should be vacated. For the reasons discussed below, we will deny Defendant's motion.

*II.      Background*

On April 3, 2013, Defendant was indicted for knowingly receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B), respectively. (Doc. 19). On July 29, 2013, represented by the Federal Public Defenders Office, Defendant entered a plea of guilty to count one of the indictment. (Doc. 55). Prior to sentencing, Defendant, represented by private counsel, filed a motion to withdraw his guilty plea. (Doc. 53). He argued that he should be permitted to withdraw his plea because his public defender failed to inform him of his right to challenge the indictment on grounds of selective prosecution. (Doc. 55). Defendant asserted that most child

pornography offenses are prosecuted in state court and that he was only selected for prosecution in federal court because he was a teacher. (Id.). The Government, in response, claimed that Defendant was prosecuted in federal court because his case was part of a federal investigation and therefore subject to federal law, guidelines, and sentencing. (Doc. 56 at 14-15). This Court, finding no factual support or legal merit to Defendant's argument, denied the motion. (Doc. 57). Thereafter, we sentenced Defendant to 108 months of imprisonment. (Doc. 67). On August 1, 2014, Defendant filed a direct appeal. (Doc. 66). The Third Circuit affirmed. (Id.).

In his 2255 motion, Defendant makes two arguments in an attempt to vacate his conviction and sentence. First, he again claims that he was selectively prosecuted. (Doc. 72). Second, he asserts that one of his privately retained attorneys provided ineffective assistance. (Id.).

*III.*     *Discussion*

*A. Standard of Review*

Under 28 U.S.C. § 2255, a federal prisoner may file a motion challenging his conviction or sentence as being in violation of the federal constitution or federal law. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings, "[t]he judge that receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

*B. Selective Prosecution*

This time, instead of arguing that he was prosecuted because of his occupation, Defendant claims that the Government's decision to prosecute him in federal court, as opposed to state court, was based solely on the fact that he was implicated in a federal investigation. (Doc. 72). According to Defendant, this is an arbitrary factor and amounts to selective prosecution. (Id.). On this selective prosecution claim, Defendant hangs five separate grounds for relief: (1) he had ineffective assistance of counsel because his public defender never raised the selective prosecution defense; (2) his federal sentence violates the Equal Protection Clause because it was the result of unconstitutionally disparate treatment; (3) his substantive due process rights were violated because his federal sentence deprives him of his personal liberty longer than if he had been subject to state prosecution; (4) his procedural due process rights were violated because the Government did not adhere to its Petite Policy; and (5) the federal government interfered in the state's authority to prosecute child pornography offenses, which violates the concept of federalism. (Id.). We find that Defendant's selective prosecution claim does not entitle him to relief and his five grounds for relief must fail.[1]

Because the Constitution vests the duty to enforce the Nation's laws in the Executive Branch, prosecutors have broad discretion in deciding against whom the laws

---

1. Although Defendant raised the issue of selective prosecution on direct appeal, we address his claim here because it is different than the argument raised on appeal. Even if it were the same argument, we would review it as the basis of his ineffectiveness claim. See United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) ("While issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion, they may, however, be used to support a claim of ineffectiveness.").

will be enforced, and those decision are supported by a presumption of regularity.  United States v. Armstrong, 517 U.S. 456, 464 (1996).  A claim of selective prosecution asks a court to invade this "special province" of the Executive, dispel the presumption of regularity, and find that a prosecutorial decision violates the Constitution.  Id.  Accordingly, the burden is a demanding one.  Id. at 463.  To establish a claim of selective prosecution, the defendant must show by clear evidence that: (1) similarly situated individuals have not been prosecuted; and (2) that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor.  Id.; United States v. Taylor, 686 F.3d 182, 196 (3d Cir. 2012).

      To show that similarly situated individuals were not prosecuted, Defendant provides information on numerous individuals prosecuted by state authorities, not federal authorities, for possessing child pornography.  This is the same type of evidence that Defendant produced in his motion to withdraw his guilty plea and in his direct appeal.  In those proceedings, both we and the Third Circuit determined that the state defendants were not similarly situated to Defendant because there was "no indication whether they acted in a manner punishable by federal law, were implicated in similar federal investigations, or ever faced federal prosecution."  (Doc. 57 at 5 n.2; Doc. 71 at 4).  To avoid the same conclusion in this motion, Defendant produces information showing that each defendant used the internet or United States postal system to commit the offense.  He argues that, pursuant to the Third Circuit's prior opinion (Doc. 71), these individuals

4

are similarly situated to him because they possessed child pornography in a manner punishable by federal law.[2]  We disagree.

It is well-established that an individual is similarly situated only if she is "alike in all relevant aspects."  Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008). The Third Circuit's prior opinion told us what the relevant aspects of Defendant's prosecution are: (1) acted in a manner punishable by federal law; (2) was implicated in a similar federal investigation; and (3) faced federal prosecution.  (Doc. 71 at 4). Therefore, to establish that his comparators are similarly situated, Defendant must show that they are alike in all of these relevant aspects, not just that they are alike with respect to relative culpability.[3]  Startzell, 533 F.3d at 203.  He fails to do so – the comparators were investigated and subsequently faced prosecution by state officials.  Accordingly, we find that Defendant has failed to provide clear evidence of similarly situated individuals that were not prosecuted in federal court.

Even in we assume that Defendant's comparators are similarly situated, Defendant fails to establish the second prong of his selective prosecution claim.

---

2. Defendant also avers that the state defendants are similarly situated because they, like him, had no previous criminal history, all resided in Pennsylvania, and never left Pennsylvania to commit the charged offense.  (Doc. 75 at 7).  These allegations are not evident from the documents submitted by Defendant.

3. Like the Third Circuit, other courts to address similar arguments have required more than relative culpability to establish that individuals are similarly situated.  See, e.g., United States v. Rhines, 143 F. App'x 478 (3d Cir. 2005); United States v. Venable, 666 F.3d 893 (4th Cir. 2012); Scott v. United States, 232 F. App'x 898 (11th Cir. 2007); United States v. Smith, 231 F.3d 800 (11th Cir. 2000); United States v. Henson, 103 F.3d 142 (9th Cir. 1996); United States v. Wallace, 389 F. Supp. 2d 799 (E.D. Mich. 2005); United States v. Davis, 194 F.R.D. 688 (D. Kan. 2000).

When a selective prosecution claim is alleging unequal treatment based on an arbitrary classification, the prosecutorial decision is subject to rational basis review. See United States v. Lopez, 650 F.3d 952, 960-61 (3d Cir. 2011); Warren v. Fisher, No. 10-5343, 2013 WL 6805668 at *15 (D.N.J. Dec. 20, 2013). This requires that the decision to prosecute be rationally related to a legitimate government interest. Id. We find that the Government's decision to prosecute Defendant satisfies this minimal requirement.

First, the Government has an interest in the effective enforcement of its criminal laws, including laws that prohibit child pornography. Brawer v. Horowitz, 535 F.2d 830, 836 (3d Cir. 1976). The Government's decision to prosecute offenders implicated in its own investigations, clearly serves this interest. Second, the Government has an interest in the efficient allocation of its resources. See Lopez, 650 F.3d at 960-61. By primarily prosecuting offenders who were implicated in their own investigations, and by deferring to state officials to prosecute offenders who were the subject of state investigations, the Government allocates its resources efficiently. Therefore, we find that the Government's decision to prosecute Defendant was rationally related to multiple legitimate government interest.[4]

---

4. In essence, Defendant is arguing that since states prosecute the majority of child pornography offenses, his prosecution by federal authorities amounts to selective prosecution. Under this logic, the federal government could never prosecute child pornography offenses, drug offenses, weapon offenses, or any other offenses in which the majority of prosecutions are done by states, without the prosecution being vulnerable to attack on selective prosecution grounds. Such an argument is patently untenable.

*C. Ineffective Assistance of Counsel*

Next, Defendant argues that one of his privately retained attorneys – Karl Rominger – provided ineffective assistance because he performed no work, delayed the proceedings by four months, and stole $29,500. (Doc. 72). To prove an ineffective assistance of counsel claim, the movant must show: (1) that the counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, at that time Rominger entered his appearance as Defendant's counsel, Defendant had already pleaded guilty. Accordingly, Defendant produces no evidence to show that his defense was prejudiced.

*IV.        Conclusion*

For the reasons discussed above, we will issue an order dismissing the § 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. Defendant is advised, however, that he has the right for sixty (60) days to appeal our order dismissing his motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, so long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22.

></>/s/William W. Caldwell
William W. Caldwell
United States District Judge