IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-13-0065
JEFFREY SCHMUTZLER, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

I.  *Introduction*

The pro se defendant, Jeffrey Schmutzler, confined at the Federal Medical

Center-Devens, Ayer, Massachusetts, pled guilty to receiving child pornography in

violation of 18 U.S.C. § 2252A(a)(2).  He has filed a motion under Fed. R. Civ. P. 60(b)(6)

seeking relief from the order of April 27, 2015.  That order denied Defendant's motion

under 28 U.S.C. § 2255 challenging his conviction and sentence.

We conclude the Rule 60(b)(6) motion is really a second or successive

2255 motion that we lack jurisdiction to consider.  We will therefore dismiss it.

Additionally, we observe that even if it were a proper Rule 60(b)(6) motion, we would

deny it because it lacks merit.

II.  *Background*

In April 2013, Defendant was named in a two-count indictment.  Count I

charged him with knowingly receiving child pornography that had been mailed, shipped

and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) and (b).  Count II charged him with possession of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In July 2013, Defendant pled guilty to Count I.  In August 2014, Defendant was sentenced to 108 months' imprisonment.  In February 2015, the Third Circuit affirmed his conviction and sentence on direct appeal.  *United States v. Schmutzler*, 602 F. App'x 871 (3d Cir. 2015)(nonprecedential).  In April 2015, we denied his 28 U.S.C. § 2255 motion.  *United States v. Schmutzler*, 2015 WL 1912608 (M.D. Pa. April 27, 2015). In December 2015, the Third Circuit denied a certificate of appealability on Defendant's appeal of our order denying the 2255 motion.  *United States v. Schmutzler*, No. 15-2462 (3d Cir. Dec. 21, 2015).  In October 2016, the Third Circuit denied Defendant's first application to file a second or successive 2255 motion.  *In re Schmutzler*, No. 16-3817 (3d Cir. Oct. 27, 2016).  In January 2017, the Third Circuit denied Defendant's second application to file a second or successive 2255 motion.  *In re Schmutzler*, No. 17-1001 (3d Cir. Jan. 27, 2017).  In addition, Defendant filed two unsuccessful 28 U.S.C. § 2241 petitions in the United States District Court for the District of Massachusetts challenging his conviction.  *See Schmutzler v. Grondolsky*, No. 16-CV-12308, 2016 WL 7209667 (D. Mass. Sept. 12, 2016).

III.   *Discussion*

Defendant argues he is entitled to relief under Rule 60(b)(6) because we failed to adjudicate ground four of his 2255 motion.  He asserts that he raised in ground four jurisdictional arguments based on statutory and Tenth Amendment analyses found in *Bond v. United States*, ____ U.S. ____, 134 S.Ct. 2077, 189 L.Ed.2d 1 (2014).  Defendant contends that he argued, based on *Bond*, that section 2252A(a)(2) does not reach his conduct here, which was wholly intrastate, and which is left to the primary responsibility of the states to regulate.  Defendant maintains that, instead of deciding this claim, we mistakenly adjudicated one based on selective prosecution.  He therefore argues that he may rely on Rule 60(b)(6) to have ground four decided on the merits, a ground which he believes makes him legally innocent of the federal charges and one which indicates we lacked subject-matter jurisdiction over the case.

Section 2555's gatekeeping provision, 28 U.S.C. § 2255(h), deprives us of jurisdiction to consider a second or successive 2255 motion unless the Third Circuit authorizes the motion.  *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential).

Here, Defendant has filed a Rule 60(b)(6) motion seeking relief from the order denying his 2255 motion.  Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief."  It is the catchall provision of Rule 60(b).[1]  While Rule 60(b)

---

[1]  Rule 60(b)(1) through (5) allows relief from a judgment in five specific situations which we need not detail here.

has an "unquestionably valid role to play in habeas cases," *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005), a motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment.  *Id.* at 531-32, 125 S.Ct. at 2647-48.[2]  This will happen if the Rule 60(b) motion (1) presents a new claim for relief from the criminal judgment or (2) presents a claim that the court's resolution of a previous claim in section 2255 proceedings attacking the criminal judgment was erroneous.  *Id.* at 532, 125 S.Ct. at 2648.

Still, Rule 60(b)(6) may be invoked if the defendant is attempting to reopen his 2255 proceedings so that the merits of his 2255 motion may be determined in the first instance.  *See Michael v. Wetzel*, 570 F. App'x 176, 179-80 (3d Cir. 2014) (nonprecedential)(involving a 28 U.S.C. § 2254 petition)("The thrust of *Gonzalez* is that a Rule 60(b) motion challenging a non-merits aspect of habeas proceedings is not a second or successive § 2254 petition.").  It also appears that Rule 60(b)(6) may be invoked if the defendant is asserting that the court failed to address one of the claims in his 2255 motion.  *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006)(a Rule 60(b)(6) motion that challenges the district court's failure to decide one of the defendant's claims in his 2255 motion is a valid Rule 60(b)(6) motion, not a second or successive 2255 motion).[3]

---

[2]  *Gonzalez* dealt with a petition under 28 U.S.C. § 2254, but it also applies to motions under section 2255.  *See United States v. Galindez*, 556 F. App'x 70, 71-72  (3d Cir. 2014)(nonprecedential).

[3]  To succeed on the motion a defendant would also have to satisfy Rule 60(b)(6)'s requirement of showing extraordinary circumstances justifying relief.  *Michael*, 570 F. App'x at

The difficulty for Defendant is that we did not misconstrue ground four.  We did properly understand it as part of a selective prosecution claim.  Although Defendant cited *Bond* in support, the essence of ground four is that, based on federalism, the federal prosecutor should have deferred to the state for Defendant's prosecution.  (See Doc. 72, ECF p. 17, 2255 motion, ground four; Doc. 7-6, brief on ground four; Doc. 93-1, ECF p. 19, ground four).  We adjudicated that claim as part of the selective prosecution claim.

Defendant's current claim is a new one.  Defendant no longer simply argues that federal authorities should have deferred to state ones, but asserts that the federal statute does not reach his conduct, and phrasing the argument in terms of jurisdiction.  Under *Gonzalez*, this makes Defendant's motion a 2255 one.  Since Defendant has already had a 2255 motion adjudicated, as we noted above, we lack jurisdiction to consider his current one.  Defendant is free to seek a certificate of appealability from the Third Circuit if he wishes to pursue the claim.

We observe that, even if Defendant had filed a proper Rule 60(b)(6), and not intending any resolution on the merits, we would not grant relief.  Defendant asserts that under *Bond*'s statutory interpretation analysis, section 2252A(a)(2) must be construed as not reaching his conduct.  However, *Bond* is distinguishable because it not deal with a federal statute invoking Congress's authority over interstate commerce.  In *Bond*, the Court noted that the government disclaimed reliance on the Commerce Clause

---

180.

to justify the federal act at issue there.  ____ U.S. at ____, 134 S.Ct. at 2087.  In contrast, section 2252A(a)(2) is based on Congress's authority over interstate commerce, as the statutory language makes plain.  Further, section 2252A(a)(2) is a valid exercise of that authority.  *See United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006).

Defendant's Tenth Amendment argument based on *Bond* is also misplaced. *Bond* did not apply the Tenth Amendment, although the defendant there had made a Tenth Amendment claim.  Instead, *Bond* used a general principle of statutory construction to decide the statute at issue there did not apply to the defendant.  We add that a proper exercise of the Commerce Clause power defeats a Tenth Amendment claim.  *See United States v. KuKafka*, 478 F.3d 531, 537 n.5 (3d Cir. 2007).

We will dismiss the Rule 60(b)(6) motion as being a second or successive 2255 motion over which we lack jurisdiction.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 9, 2017