IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-13-0065
JEFFREY SCHMUTZLER, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

I. *Introduction*

The pro se defendant, Jeffrey Schmutzler, confined at the Federal Medical Center-Devens, Ayer, Massachusetts, pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). He has filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence, arguing for retroactive application to him of Amendment 801 to the sentencing guidelines. In pertinent part, Amendment 801 amended U.S.S.G. § 2G2.2(b)(3)(B), which at the time Defendant was sentenced authorized a five-level increase in the offense level when a defendant has distributed child pornography in return for child pornography. Defendant argues that he no longer qualifies for the five-level increase under the amended section 2G2.2(b)(3)(B). He also argues his sentence should be reduced for postsentencing rehabilitation. We will deny the motion.

II. *Background*

In April 2013, Defendant was named in a two-count indictment. Count I charged him with knowingly receiving child pornography that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) and (b). Count II charged him with possession of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In July 2013, Defendant pled guilty to Count I.

A presentence report (PSR) was prepared using the 2013 guidelines manual. (PSR ¶ 20). Under U.S.S.G. § 2G2.2(a)(2), Defendant's base offense level was 22. (PSR ¶ 21). In addition to other increases in the offense level totaling 13 points, Defendant was given a five-point increase under section 2G2.2(b)(3)(B). (PSR ¶ 23). This gave Defendant an offense level of 40, reduced to a total offense level of 37 after three points were deducted for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). (PSR ¶ 31). Combined with a criminal history category of I, Defendant's guideline range was 210 to 240 months. (PSR ¶ 57).

At the time the PSR was prepared, section 2G2.2(b)(3)(B) allowed a five-point increase in the offense level when a defendant had engaged in distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain . . . ." U.S.S.G. § 2G2.2(b)(3)(B)(2013). This provision was defined in part to include "any transaction," including "bartering," "conducted for a thing of value."

"Thing of value" was defined in part as "child pornographic material received in exchange for other child pornographic material." U.S.S.G. § 2G2.2, application note 1 (2013).

Defendant objected to the five-level increase, contending that he never traded child pornography for anything of value. The probation officer responded that the increase was based on Defendant's admission that:

> Although the defendant denied trading child pornography with anyone in particular, he has used file sharing programs such as "WinMix" and did acquire videos of younger boys having sex and did share those files with others. Schmutzler did not know who but knows his system was set to receive and send files he had on his computer. He also used "BitTorants" (a file sharing protocol for transferring large amounts of data) to collect pornography.

(Addendum to the PSR ¶ 2, quoting PSR ¶ 12.3).

At the sentencing hearing held on July 24, 2014, defense counsel pursued the objection to the five-level increase, arguing that there was case law from other jurisdictions stating that "simply participating in these file sharing programs . . . may not be enough to prove distribution." (Doc. 70, sentencing transcript at p. 7). However, when pressed about Defendant's admission, counsel said he was not going to dispute it. (*Id.*). The court therefore overruled the objection. (*Id.*). Defendant's guideline range thus remained at 210 to 240 months.[1] The court granted a downward departure and sentenced him to 108 months' imprisonment.

---

[1] Defendant's argument, which eliminates an additional two points from his offense level for a reason we need not detail here, would give him a total offense level of 30, with a resulting guideline range of 97 to 121 months.

In February 2015, the Third Circuit affirmed his conviction and sentence on direct appeal. *United States v. Schmutzler*, 602 F. App'x 871 (3d Cir. 2015)(nonprecedential). In April 2015, we denied his 28 U.S.C. § 2255 motion. *United States v. Schmutzler*, 2015 WL 1912608 (M.D. Pa. April 27, 2015). In December 2015, the Third Circuit denied a certificate of appealability on Defendant's appeal of our order denying the 2255 motion. *United States v. Schmutzler*, No. 15-2462 (3d Cir. Dec. 21, 2015). In October 2016, the Third Circuit denied Defendant's first application to file a second or successive 2255 motion. *In re Schmutzler*, No. 16-3817 (3d Cir. Oct. 27, 2016). In January 2017, the Third Circuit denied Defendant's second application to file a second or successive 2255 motion. *In re Schmutzler*, No. 17-1001 (3d Cir. Jan. 27, 2017). In addition, the United States District Court for the District of Massachusetts denied two 28 U.S.C. § 2241 petitions Defendant filed there challenging his conviction. *See Schmutzler v. Grondolsky*, No. 16-CV-12308, 2016 WL 7209667 (D. Mass. Sept. 12, 2016).

In part, Amendment 801 to the sentencing guidelines, effective November 1, 2016, amended section 2G2.2(b)(3)(B) so that it now reads: "If the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, increase by 5 levels." U.S.S.G. § 2G2.2(b)(3)(B)(2016). As explained in the commentary to the Amendment, which quoted commentary in application note 1 to the amended section, the Amendment was enacted to clarify that the five-point increase was only proper in part when "the defendant agreed to an exchange with another person under

which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material . . . ." (Amendment 801, Reason for the Amendment at p. 145, Supplement to Appendix C to the guidelines manual, Nov. 1, 2016). The Sentencing Commission observed that some courts had decided that the five-point increase could be imposed simply because the defendant had knowingly used file-sharing software, which the Commission believed was not sufficient for the five-point increase. (*Id.*).

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(2016) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below." U.S.S.G. § 1B1.10(a)(1). Section 1B1.10 further provides that a "reduction in the defendant's term of imprisonment

is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant . . . ." U.S.S.G. § 1B1.10(a)(2)(A). Amendment 801 is not listed in subsection (d). It follows that we cannot reduce Defendant's sentence under section 3582(c)(2). *See United States v. Paulino*, ___ F. App'x ___, ___, 2017 WL 782325, at \*1 (3d Cir. 2017)(nonprecedential)(section 3582(c)(2) motion based on Amendment 802 to the guidelines cannot be granted when the amendment is not listed in subsection 1B1.10(d))(citing *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995)); *United States v. Zemba*, 403 F. App'x 649, 650 (3d Cir. 2010)(nonprecedential)(same ruling, for Amendment 709); *United States v. Muhammed*, 338 F. App'x 118, 120 (3d Cir. 2009)(nonprecedential)(same ruling, for Amendment 709); *United States v. Hidalgo*, 309 F. App'x 618, 620 (3d Cir. 2009)(nonprecedential)(same ruling, for Amendment 709); *United States v. Gill*, 68 F. App'x 354, 355 (3d cir. 2003)(nonprecedential)(same ruling, for Amendments 500 and 518); *United States v. Ray*, No. 11-CR-10029, 2017 WL 1096832, at \*3 (D. Kan. Mar. 20, 2017)(section 3582(c)(2) motion based on Amendment 801 to the guidelines cannot be granted when the amendment is not listed in subsection 1B1.10(d)); *United States v. Hunt*, No. 12-CR-216, 2017 WL 727561, at \*2 (N.D. Ga. Feb. 24, 2017)(same ruling as in *Ray*).

In moving for a reduction in his sentence under Amendment 801, Defendant argues it can be applied retroactively, regardless of section 1B1.10, because it is a clarifying amendment. He relies on *United States v. Marmolejos*, 140 F.3d 488, 491 (3d

Cir. 1998), where the Third Circuit stated that clarifying amendments can be applied retroactively. We disagree. *Marmolejos* is distinguishable because the request for a sentence reduction in that case was predicated on a 28 U.S.C. § 2255 motion,[2] *Hidalgo*, 309 F. App'x at 621; *Gill*, 68 F. App'x at 355 n.2, and because the defendant there did not base his request on a post-sentence amendment lowering the applicable guideline range, *Zemba*, 403 F. App'x at 650. *See also Muhammed*, 338 F. App'x at 120 ("The District Court correctly stated that whether Amendment 709 is a clarifying or substantive amendment is not relevant for purposes of § 3582(c)."). *But see United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002)(following *Marmolejos* in ruling on an appeal of the denial of a section 3582(c)(2) motion).

In moving for a sentence reduction, Defendant also relies on post-sentencing rehabilitation, citing *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011). We cannot consider this aspect of the motion. In *Pepper,* the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation . . . ." *Id.* at 481, 131 S.Ct. at 1236. *Pepper* is distinguishable because Defendant is not here for resentencing after having had his sentence set aside on appeal, but on a section 3582(c)(2) motion, and Defendant's "request for a reduction of sentence based on personal factors is not a basis for relief under the limited scope of § 3582(c)(2)."

---

[2] We cannot construe Defendant's motion as a 2255 motion because he has already had a 2255 motion adjudicated and Defendant would first have to go to the court of appeals for permission to file a second one. See 28 U.S.C. § 2255(h).

*United States v. Riddick*, 529 F. App'x 194, 196 (3d Cir. 2013) (nonprecedential).  We add that federal courts have no inherent authority to modify a sentence at any time.  *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 20, 2017