IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-13-0065
JEFFREY SCHMUTZLER, :
Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

The pro se defendant, Jeffrey Schmutzler, confined at the Federal Medical Center-Devens, Ayer, Massachusetts, pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). Pursuant to Local Rule 7.10, he has filed a timely motion (Doc. 119) for reconsideration of our order of April 20, 2017. That order denied Defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence.

The background to Defendant's attempt at a sentence reduction is set forth in the memorandum that accompanied the order. *United States v. Schmutzler*, 2017 WL 1406818 (M.D. Pa. Apr. 20, 2017).

Briefly, Defendant argued for retroactive application to him of Amendment 801 to the sentencing guidelines. In pertinent part, Amendment 801 amended U.S.S.G. § 2G2.2(b)(3)(B), which at the time Defendant was sentenced, among other things, authorized a five-level increase in the offense level when a defendant has distributed child pornography in return for child pornography. Defendant argued that he did not

qualify for the five-level increase under the amended section 2G2.2(b)(3)(B) and that Amendment 801 could apply to him retroactively as a clarifying amendment.

We denied the motion because Amendment 801 was not listed in U.S.S.G. § 1B1.10(d), as required by U.S.S.G. § 1B1.10(a)(2)(A) before an amendment could be applied retroactively.

In his motion for reconsideration, Defendant argues, for the first time, that we can consider his motion for retroactive application of Amendment 801 under U.S.S.G. § 1B1.11, and that his inability to rely on U.S.S.G. § 1B1.10(a)(2)(A) does not foreclose his motion. In support, he cites *United States v. Cabrera-Polo*, 376 F.3d 29, 32 (1st Cir. 2004); *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995); and *Lee v. United States*, 36 F. Supp. 2d 781, 784 (E.D. Mich. 1999).

We disagree. *Cabrera-Polo* and *Capers* would support Defendant, but we must follow Third Circuit law and that law does not permit a defendant to rely on a motion under section 3582(c)(2) to seek a reduction in his sentence based merely on a clarifying amendment, as the cases we cited in the April 20 memorandum make clear. *Schmutzler*, 2017 WL 1406818, at *3.

Based on the foregoing, we must also reject Defendant's attempt to rely on the rule of lenity as we cannot rely on the Third Circuit's disagreement with other courts of appeals on this issue to invoke that rule.

We add that we need not consider Defendant's argument that certain admissions he made in the presentence report are hearsay that we cannot rely on. We

-2-

did note these admissions as part of the background section of the April 20 memorandum, but we did not rely on them in ruling on the section 3582(c)(2) motion.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 10, 2017