IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
   vs. :
: CRIMINAL NO. 1:CR-13-0065
JEFFREY SCHMUTZLER, :
        Defendant : (Judge Caldwell)
:
:
:

*M E M O R A N D U M*

I. *Introduction*

      The pro se defendant, Jeffrey Schmutzler, confined at the Federal Medical Center-Devens, Ayer, Massachusetts, pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). He has filed a motion under Fed. R. Civ. P. 60(b)(6) seeking relief from the order of April 27, 2015. That order denied Defendant's motion under 28 U.S.C. § 2255 challenging his conviction and sentence. The 2255 motion was filed pro se.

      Specifically, Defendant seeks relief from the order so that he can pursue the claim he alleges he attempted to set forth in Ground One of his 2255 motion. He describes that claim as one for the ineffective assistance of the assistant public defender who represented him initially in this criminal case. He questions her failure not to file a motion under Fed. R. Crim. P. 12 to dismiss the indictment for lack of subject-matter jurisdiction. The basis of the motion would have essentially been that Defendant's

conduct was wholly intrastate and that Defendant had thus not committed a federal offense.

Defendant asserts we did not address this claim and instead only resolved an ineffectiveness claim Defendant had made against counsel who succeeded the assistant public defender. He asserts our failure to address the claim against the assistant public defender was the result of his inability as a pro se litigant "to adequately convey his intended claim." (Doc. 121, Rule 60(b)(6) motion, ECF p. 2). Citing in part, *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), Defendant maintains that his pro se status on the 2255 motion justifies Rule 60(b)(6) relief from the order denying the 2255 motion so that the claim against the assistant public defender can be adjudicated.

II. *Background*

In April 2013, Defendant was named in a two-count indictment. Count I charged him with knowingly receiving child pornography that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) and (b). Count II charged him with possession of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In July 2013, Defendant pled guilty to Count I. In August 2014, Defendant was sentenced to 108 months' imprisonment. In February 2015, the Third Circuit affirmed his conviction and sentence on direct appeal. *United States v. Schmutzler*, 602

F. App'x 871 (3d Cir. 2015)(nonprecedential). In April 2015, we denied his 28 U.S.C. § 2255 motion. *United States v. Schmutzler*, 2015 WL 1912608 (M.D. Pa. Apr. 27, 2015). In December 2015, the Third Circuit denied a certificate of appealability on Defendant's appeal of our order denying the 2255 motion. *United States v. Schmutzler*, No. 15-2462 (3d Cir. Dec. 21, 2015). In October 2016, the Third Circuit denied Defendant's first application to file a second or successive 2255 motion. *In re Schmutzler*, No. 16-3817 (3d Cir. Oct. 27, 2016). In January 2017, the Third Circuit denied Defendant's second application to file a second or successive 2255 motion. *In re Schmutzler*, No. 17-1001 (3d Cir. Jan. 27, 2017). In March 2017, we denied Defendant's first Rule 60(b)(6) motion. *United States v. Schmutzler*, 2017 WL 930455 (M.D. Pa. Mar. 9, 2017). On June 30, 2107, the Third Circuit denied a third application to file a second or successive 2255 motion. *In re Schmutzler*, No. 17-2250 (3d Cir.).

In addition, Defendant filed two unsuccessful 28 U.S.C. § 2241 petitions in the United States District Court for the District of Massachusetts challenging his conviction. *See Schmutzler v. Grondolsky*, No. 16-CV-12308, 2016 WL 7209667 (D. Mass. Dec. 12, 2016).

III.  *Discussion*

Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief." It is the catchall provision of Rule 60(b).[1] Rule 60(b) may be invoked in

---

[1] Rule 60(b)(1) through (5) allows relief from a judgment in five specific situations which we need not detail here.

habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005)(Rule 60(b) has an "unquestionably valid role to play in habeas cases"). To succeed on the motion, Defendant would have to satisfy Rule 60(b)(6)'s requirement of showing extraordinary circumstances justifying relief. *See Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014)(nonprecedential)(involving a 28 U.S.C. § 2254 petition).

Section 2255's gatekeeping provision, 28 U.S.C. § 2255(h), has an effect on Rule 60(b)'s application to a 2255 motion. Under the gatekeeping provision, we lack jurisdiction to consider a second or successive 2255 motion unless the Third Circuit authorizes us to consider it. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(nonprecedential). So that this limitation on the filing of a second or successive 2255 motion is not circumvented, a motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment. *Gonzalez,* 545 U.S. at 531-32, 125 S.Ct. at 2647-48.[2] This will happen if the Rule 60(b) motion (1) presents a new claim for relief from the criminal judgment or (2) presents a claim that the court's resolution of a previous claim in section 2255 proceedings attacking the criminal judgment was erroneous. *Id.* at 532, 125 S.Ct. at 2648. On the other hand, if a Rule 60(b) motion only challenges "some defect in the integrity of the federal habeas

---

[2] *Gonzalez* dealt with a petition under 28 U.S.C. § 2254, but it also applies to motions under section 2255. *See United States v. Galindez*, 556 F. App'x 70, 71-72 (3d Cir. 2014)(nonprecedential).

-4-

proceedings," *id.*, 125 S.Ct. at 2648 (footnote omitted), or the district court's "failure to reach the merits," it is not treated as a 2255 motion. *Id.* at 538, 125 S.Ct. at 2651.

Defendant asserts he has filed a proper Rule 60(b)(6) motion because under *Martinez* a lack of counsel in postconviction proceedings constitutes cause for defaulting on an ineffectiveness-of-trial-counsel claim, and under *Ramirez* when those circumstances are present in 2255 proceedings, a defendant may rely on Rule 60(b)(6) to present the defaulted claim. Defendant therefore argues he can employ Rule 60(b)(6) here because his pro se status in his 2255 proceedings prevented him from adequately presenting his trial counsel ineffectiveness claim.

We disagree. *Martinez* dealt with procedural default of a claim in state court collateral proceedings and when that default could be excused so that the claim could be adjudicated in a federal habeas proceeding; it did not deal with federal proceedings. As the Court in *Martinez* stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17, 132 S.Ct. at 1320.

It is true that *Ramirez* extended *Martinez* to federal postconviction proceedings, holding that a defendant could rely on abandonment by counsel in 2255 proceedings as an extraordinary circumstance justifying reopening those proceedings by

-5-

way of Rule 60(b). *Ramirez*, 799 F.3d at 851-52. However, we disagree with *Ramirez*, at least as to allegations of ineffective assistance of postconviction counsel. *See United States v. Lee*, 792 F.3d 1021, 1024 (8th Cir. 2015)(the defendant's Rule 60(b) motion could not rely on *Martinez* as that case involved federal habeas review of state court decisions); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012)(*"Martinez* is inapplicable to federal convictions and thus inapplicable to Buenrostro's application" to file a second or successive 2255 motion).

Defendant also contends that lack of counsel in his 2255 proceedings is a defect in the integrity of those proceedings. He is mistaken. As the Court stated in *Gonzalez*: "We note that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5, 125 S.Ct. at 2648 n.5.

It appears that Rule 60(b)(6) may be invoked if the defendant is asserting that the court failed to address one of the claims in his 2255 motion. *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006)(a Rule 60(b)(6) motion that challenges the district court's failure to decide one of the defendant's claims in his 2255 motion is a valid Rule 60(b)(6) motion, not a second or successive 2255 motion). We might therefore be able to consider the ineffectiveness claim if Defendant had raised it in his 2255 motion. However, review of the motion indicates that he did not. Defendant did accuse his public defender of ineffectiveness but only in her failure to question the

government's exercise of federal jurisdiction, not that the court lacked jurisdiction at all, and only in the context of a claim Defendant had been selectively prosecuted. (Doc. 72, 2255 motion, ECF p. 14).

We conclude Defendant's Rule 60(b)(6) motion is in substance a second or successive 2255 motion. We therefore lack jurisdiction to consider it. *Pelullo, supra,* 352 F. App'x at 625. We observe that, even if Defendant had filed a proper Rule 60(b)(6), and not intending any resolution on the merits, we would not grant relief. He claims that we lacked jurisdiction over the case against him for several reasons, (Doc. 122, Def.'s Br. in Supp. at ECF pp. 13-14), one of which is that federal statutes should not be read to extend to crimes traditionally covered under state law unless the statute clearly states so. He cites in part *Bond v. United States*, ___ U.S. ___, ___, 134 S.Ct. 2077, 2088, 189 L.Ed.2d 1 (2014).

However, as we explained in our memorandum denying Defendant's previous Rule 60(b)6) motion, 2017 WL 930455,at \*3, *Bond* is distinguishable because it did not deal with a federal statute invoking Congress's authority over interstate commerce. In *Bond,* the Court noted that the government disclaimed reliance on the Commerce Clause to justify the federal act at issue there. ___ U.S. at ___, 134 S.Ct. at 2087. In contrast, section 2252A(a)(2) is based on Congress's authority over interstate commerce, as the statutory language makes plain. Moreover, section 2252A(a)(2) is a valid exercise of that authority. *See United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006). Another case Defendant cites, *Jones v. United States*, 529 U.S. 848, 120

S.Ct. 1904, 146 L.Ed.2d 902 (2000), is distinguishable because the prosecution there was not a valid exercise of the Commerce Clause power.  In *Jones*, the Court ruled that 18 U.S.C. § 844(i), prohibiting arson of a building used in interstate commerce or used in an activity affecting interstate commerce, does not extend to arson of a private residence. *Id.* at 848 at 859, 120 S.Ct. at 1912.

      We will dismiss the Rule 60(b)(6) motion as being a second or successive 2255 motion over which we lack jurisdiction.


                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge

Date: July 13, 2017