UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :
                              :
                              : CRIMINAL NO. 1:13-CR-00065
         v.                   :
                              :
JEFFREY SCHMUTZLER,           :
         Defendant            :

*M E M O R A N D U M*

*I.      Introduction*

Currently before this court is Defendant Jeffrey Schmutzler's pro se "Motion to Obtain Relief from Judgment or Order" (Doc. 146) pursuant to Federal Rule of Civil Procedure 60(b)(4). In the motion, Defendant seeks relief from our April 27, 2015 order (Doc. 79), in which we denied his motion (Doc. 72) to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the instant motion will be denied.

*II.     Background*

On April 3, 2013, Defendant was indicted for receiving child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b), as well as possessing child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 19). On July 29, 2013, Defendant, represented by Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, pleaded guilty to both counts of the indictment. (See Docs. 40 & 55).

Prior to sentencing, Defendant retained a private attorney, Royce Morris, Esquire. Through private counsel, Defendant filed a motion to withdraw his guilty plea, (Doc. 53), in which he argued that he should be permitted to withdraw his plea on the grounds of selective prosecution and ineffective assistance of counsel. Specifically, he

contended that because of his occupation as a school teacher, he was selectively prosecuted in federal court, rather than in state court where most child pornography offenses are prosecuted and where he would have received a lesser sentence. (Id. ¶¶ 9-15). In addition, he alleged that his public defender rendered ineffective assistance by failing to inform him of his right to challenge the indictment on grounds of selective prosecution. (Id. ¶¶ 7-8).

The Government, in response, claimed that Defendant was prosecuted in federal court because his case was part of a federal investigation and therefore subject to federal law, sentencing guidelines, and punishment. (Doc. 56 at 14-15). This court, finding no factual support or legal merit to Defendant's argument, denied the motion to withdraw his guilty plea. (Docs. 57 & 58). Thereafter, on July 24, 2014, we sentenced Defendant to 108 months' imprisonment. (Docs. 65 & 67). Defendant filed a direct appeal on August 1, 2014, and on February 23, 2015, the Third Circuit affirmed his sentence and conviction. United States v. Schmutzler, 602 F. App'x 871 (3d Cir. 2015).[1] He did not seek a writ of certiorari from the Supreme Court.

Since conclusion of the direct review process, Defendant has filed a multitude of motions seeking various forms of relief, none of which this Court, or any

---

[1] In affirming Defendant's sentence and conviction, the Third Circuit held that he failed to make out a claim for selective prosecution because he failed to show that persons similarly situated had not been prosecuted in federal court or that the decision to prosecute him in federal court was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor. Schmutzler, 602 F. App'x at 873-74. Specifically, the court reasoned that Defendant was one of multiple individuals implicated in the federal investigation of a particular child pornography website, and he failed to show that the other individuals implicated in the investigation were spared prosecution in federal court. Id. at 874. Moreover, the court noted that while Defendant provided a spreadsheet of various offenders (purported to be comparators) who had received lesser state sentences for child pornography offenses, he failed to explain how the purported comparators were similarly situated to him because there was no indication that they "acted in a manner punishable by federal law, were implicated in similar federal investigations, or ever faced federal prosecution." Id.

appellate court, has found meritorious. Pertinent to Defendant's instant motion is the motion to vacate his sentence under 28 U.S.C. § 2255, (Doc. 72), which he filed on March 20, 2015. In that motion, Defendant argued again that he was selectively prosecuted, claiming that most child pornography offenses are prosecuted in state court and that he was arbitrarily prosecuted in federal court based solely on the fact that he was implicated in a federal investigation. (Id. at 13). Defendant also asserted that the federal court lacked jurisdiction over the child pornography offenses and claimed that federal prosecutors violated principles of federalism by prosecuting him in federal court without first consulting with a state prosecutor to request that the state relinquish jurisdiction over the matter. (Id.). Defendant further argued that his public defender was ineffective for failing to raise selective prosecution as an objection, and also claimed that one of his privately retained attorneys provided ineffective assistance of counsel. (Id. at 14).

On April 8, 2015, Defendant filed a brief (Doc. 75) in support of his § 2255 motion, and, thereafter, on April 22, 2015, the Government filed a brief (Doc. 77) in opposition. When the clerk's office docketed the Government's brief in opposition, a standard notation was placed on the docket stating "Reply Brief due by 5/11/2015." (See Doc. 77 annotation). This notation appears to have been added without direction from the court.

On April 27, 2015, this court issued a memorandum and order (Docs. 78 & 79), which denied Defendant's § 2255 motion on the merits and denied a certificate of

appealability.[2] We found that Defendant could not establish selective prosecution because he did not provide clear evidence of similarly situated individuals who were not prosecuted in federal court. (Doc. 78 at 4-5). We also held that Defendant's prosecution in federal court was rationally related to various legitimate government interests. (Id. at 6). Specifically, we noted that the Government had an interest in the effective enforcement of its criminal laws, as well as an interest in the efficient allocation of its resources. (Id.) We found that the Government's decision to prosecute offenders implicated in its own investigations served both of these interests.[3] (Id.)

After we denied Defendant's § 2255 motion and denied a certificate of appealability, he sought a certificate of appealability from the Third Circuit. (Doc. 82). His

---

[2] On the same date that we issued our memorandum and order, Defendant filed a "supplement" (Doc. 80) to the initial brief in support of his § 2255 motion. Defendant's "supplement" merely consisted of a copy of a newspaper article about a man who pleaded guilty (in the Court of Common Pleas of Franklin County, Pennsylvania) to possessing child pornography and was sentenced to 83 months of probation and ordered to pay a $250 fine. Defendant handwrote notes on the newspaper article suggesting that he was displeased because he had been prosecuted in federal court and sentenced to prison for his child pornography offenses, whereas the Franklin County man had been prosecuted in state court and received a non-jail sentence for his child pornography offense. Defendant, however, failed to explain how the Franklin County man was similarly situated to him because nothing in the article suggested that the Franklin County man was implicated in a federal investigation like Defendant.

[3] Moreover, in denying Defendant's § 2255 motion, we stated as follows:

> In essence, Defendant is arguing that since states prosecute the majority of child pornography offenses, his prosecution by federal authorities amounts to selective prosecution. Under this logic, the federal government could never prosecute child pornography offenses, drug offenses, weapon offenses, or any other offenses in which the majority of prosecutions are done by states, without the prosecution being vulnerable to attack on selective prosecution grounds. Such an argument is patently untenable.

(Doc. 78 at 6 n.4).

4

request for a certificate of appealability was denied by the Third Circuit on December 21, 2015. (Doc. 89).

On October 2, 2017, Defendant filed the instant motion (Doc. 146) under Federal Rule of Civil Procedure 60(b)(4), seeking relief from this Court's denial of his § 2255 motion. Defendant argues that he is entitled to relief under Rule 60(b)(4) because we denied his § 2255 motion on April 27, 2015, before the May 11, 2015 deadline for filing a reply brief. In addition to requesting that we vacate our previous denial of his § 2255 motion, Defendant seeks permission to file a new § 2255 motion, or, in the alternative, that we reconsider his previous motion after we afford him an opportunity to file a reply brief. For the reasons set forth below, however, we will deny Defendant's Rule 60(b)(4) motion.

*III.        Discussion.*

Defendant filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." Gonzales v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(4) permits reopening a judgment when "the judgment is void." FED. R. CIV. P. 60(b)(4). Under Rule 60(b)(4), a judgment is only considered "void" if: (1) the court which entered the judgment did not have personal or subject matter jurisdiction; (2) the court entered a decree which was not within the powers granted to it by law; or (3) the judgment arose out of a violation of due process that deprived a party of notice or the opportunity to be heard. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.");

5

Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law." (internal quotation marks omitted)).

In his Rule 60(b)(4) motion, Defendant argues that his due process right to be heard was violated when we denied his § 2255 motion before the previously established deadline for filing a reply brief and that, therefore, our judgment was void. Defendant cites to Rule 5(d) of the Rules Governing § 2255 Proceedings, which provides that "the moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Defendant also cites to Middle District of Pennsylvania Local Rule 7.7, which states that "[a] brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court." While it appears that reported case law on the precise issue at hand is sparse, we find that Defendant fails to establish a due process violation. Therefore, our previous denial of his § 2255 motion is not void, and Rule 60(b)(4) does not entitle him to relief from our judgment.

Defendant does not cite to, nor has our own research revealed, any case law definitively holding that disposition of a § 2255 motion prior to the filing of a reply brief amounts to a due process violation. A multitude of courts addressing claims similar to that of Defendant have held that a § 2255 movant has no absolute right to file a reply brief and

that it is entirely within a court's discretion to decide whether to permit a reply brief.[4] In fact, some courts that have directly addressed a court's failure to consider a reply brief in the context of a due process challenge have suggested that disposal of a case prior to the filing of a reply does not constitute a due process violation. See, e.g., Bell, 2015 WL 4561837, at *3 ("[§ 2255] [p]etitioner has not identified any source of law to support his contention that disposition without a reply constitutes a due process violation."); Person v. Ercole, No. 08 Civ. 7532(LAP)(DF), 2015 WL 4393070, at *2 (S.D.N.Y. July 16, 2015) ("[D]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right."); United States v. Andrews, No. 12 C 6208, 2012 WL 6692159, at *2 (N.D. Ill. Dec. 19, 2012) ("[Petitioner] does not point to any case, and our own research has not uncovered any, definitively holding that a habeas petitioner has a due process right to file a reply brief answering a government response.").

Defendant argues that the instant matter is distinguishable from many other cases addressing similar issues. Specifically, Defendant contends that unlike many other cases, he actually was granted leave to file a reply in the instant matter, and, therefore, he appears to argue that his inability to file a reply brief before disposition of his § 2255

---

[4] See, e.g., Bell v. United States, Civil No. RDB-12-3042, Criminal No. RDB-09-219, 2015 WL 4561837, at *3 (D. Md. July 27, 2015) ("[T]he rules governing § 2255 motions suggest that reply briefs are permitted but not required . . . ."); Simmons v. United States, No. 12 Civ. 04693(ILG), 2014 WL 4628700, at *1 (E.D.N.Y. Sept. 15, 2014) (holding that "[Rule 5(d)'s] plain language does not mandate a reply" and noting that "other courts have held that a § 2255 petitioner has no right to a reply brief."); United States v. Martinez, Criminal No. 11-131(2), 2013 WL 3995385, at *2 (D. Minn. Aug. 5, 2013) ("Under the relevant rules, [a § 2255 petitioner is] not guaranteed the ability to file a reply brief in support of his Motion to Vacate."); Irizarry v. United States, Civil No. 12-656, Criminal No. 05-044, 2012 WL 5494806, at *3 (E.D. Pa. Nov. 13, 2012) ("[T]he Court's failure to consider a reply before denying a § 2255 motion does not by definition constitute a clear error of law or represent manifest injustice to the petitioner" which would support alteration or amendment of the court's previous denial of a § 2255 motion (internal quotation marks omitted)); Jeffries v. United States, No. 1:10cv205, 1:07cr56, 2011 WL 677360, at *2 (W.D.N.C. Feb. 15, 2011) (holding that "although a court may set a date for a reply pursuant to Rule 5, it is not required to do so.").

7

motion was more egregious than in other cases. While the circumstances in the instant matter were unfortunate, we still cannot conclude that the Defendant's lack of opportunity to file a reply amounts to a violation of due process. At least a handful of courts have suggested that disposition of a habeas petition without considering a timely reply brief does not constitute reversible error, even if that court had previously granted the complainant leave to file a reply.

For example, in Irrizary, 2012 WL 5494806, the court granted a habeas petitioner's request for an extension of time to file a reply, and directed him to file said reply on or before July 13, 2012. Id. at *2. On July 16, 2012, the court, under the mistaken impression that the petitioner had not filed a reply by the July 12 deadline, denied his petition. Later on July 16, however, his reply was filed on the docket. Id. Because a certificate of service showed that the reply had been delivered to prison officials on July 10, the petitioner's reply was deemed timely filed as of July 10 pursuant to the prisoner mailbox rule. Id. After denial of his habeas petition, the petitioner filed a motion (pursuant to Rule of Civil Procedure 59(e)) to amend the court's denial, arguing that the court's failure to consider the timely reply "prevented a complete merits determin[ation] by the court." Id. (alteration in original) (citation omitted). The court, however, rejected this argument, noting that a reply is not required in a § 2255 proceeding and holding that the court's failure to consider the timely reply did not constitute reversible error. Id. at *3.

Moreover, in Coleman v. United States, Civ. No. 09-6330, 2011 WL 149863 (D.N.J. Jan. 18, 2011), a petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate or correct his sentence, which the court denied. Id. at *1. Thereafter, the petitioner

filed a motion for reconsideration of the court's denial, arguing that the court "denied him his statutory right to a reply under § 2255 Rule 5(d) when [the court] *granted him the opportunity to reply but then ruled before he could submit his reply*." Id. at *2 (emphasis added) (citation and internal quotation marks omitted). The court, in denying the petitioner's motion for reconsideration, stated as follows: "We join those courts in concluding that a petitioner does not have a right to submit a reply. In this case, the Court determined that it could address Petitioner's motion properly even without the benefit of a reply brief, and Petitioner was not harmed as a result." Id.

Additionally, courts have suggested that "[e]ven assuming a due process violation occur[s] [when a court denies a habeas petition before the petitioner is able to file a reply brief], to prevail, [a petitioner] must show that the error had a substantial and injurious effect on the outcome of the proceeding." Wilson-El v. Finnan, 311 F. App'x 908, 911 (7th Cir. 2008)[5]; see also Sifford v. United States, No. 3:13-cv-541-FDW, 2014 WL 114671, at *1 n.1 (W.D.N.C., Jan. 10, 2014) ("[T]his Court was not required to allow Petitioner to file a Reply before adjudicating the [§ 2255] motion to vacate. Moreover, Petitioner has not shown how he was prejudiced by the lack of an opportunity to file a Reply."); Andrews, 2012 WL 6692159, at *3 ("Nothing in [the habeas petitioner's] motion to reconsider persuades us that any reply he might have filed could have changed the outcome of his habeas petition. Thus, even if our failure to allow a reply were a

---

[5] In Wilson-El, a § 2254 habeas petitioner, Shavaughn Wilson-El, claimed a denial of due process when the district court denied his petition without first ruling on his motion for an extension of time to file a reply, which the clerk failed to properly docket. 311 F. App'x at 910-11. The court agreed that the error was "unfortunate," but did not definitively state whether or not such error could amount to a due process violation. Id. at 911. Nonetheless, the court found that even had a due process violation occurred, Wilson-El would not be able to prevail because he was unable to show that the error had a "substantial and injurious effect on the outcome of the proceeding." Id. Specifically, Wilson-El had "not explained . . . what he would have told the district court" if he had been afforded the opportunity to file a reply brief. Id.

9

procedural error, there has been no substantial showing of the denial of a constitutional right."); Irizarry, 2012 WL 5494806, at *3 & n.3 (noting that because the petitioner's purported reply brief would have "simply rehashe[d] the arguments and revisit[ed] the issues advanced in his lengthy 2255 motion," it "would not have altered the Court's decision to deny the Motion . . . ."); Coleman, 2011 WL 149863, at *2 ("In this case, the Court determined that it could address Petitioner's motion properly even without the benefit of a reply brief, and Petitioner was not harmed as a result."); United States v. Crittenton, Civil No. 07-3770, Criminal No. 03-349-2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) (holding that § 2255 petitioner was not prejudiced by his lack of opportunity to file a reply brief because the § 2255 petition "was totally without merit, and any reply brief would have been a futile exercise").

Considering the foregoing, we cannot conclude that Defendant had a procedural due process right to file a reply brief. Consequently, this court's denial of his § 2255 motion in advance of the reply brief deadline did not amount to a due process violation that renders our judgment void.

Moreover, even if this court erred in denying Defendant's § 2255 motion before he was able to file a reply, he fails to show how such error substantially injured him or prevented his claims from being heard. In disposing of the § 2255 motion, this court thoroughly reviewed Defendant's motion, his lengthy supporting brief, and the Government's response. We determined that Defendant's selective-prosecution and ineffective-assistance-of-counsel claims were clearly meritless. Defendant has provided no additional supporting argument or information for his proposed reply brief that would change our analysis or decision.

In his brief in support of the instant Rule 60(b)(4) motion, Defendant attempts to set forth the purported "new" arguments that he would have asserted had he been given an opportunity to file a reply. A review of these arguments, however, reveals that they were already presented to the court in his § 2255 motion and supporting brief. The purported arguments can be summarized as follows.

Defendant generally asserts that his reply brief would have raised the argument that this court lacked subject matter jurisdiction over his child pornography offenses and that his prosecution in federal court, rather than in state court, violated principles of federalism. (Doc. 148 at 16-23). More specifically, Defendant complains that there is no evidence to show who referred his case to federal prosecutors and that, therefore, it is unclear whether "the constitutionally mandated federal-state balance [was] adhered to" when his case was referred to federal authorities. (Id. at 17). Additionally, Defendant complains that federal authorities never informed state authorities of his offenses and, therefore, deprived state authorities of the opportunity to prosecute him. (Id. at 18). Defendant also argues that while his selective-prosecution claims were already decided by this Court and the Third Circuit, his federalism and jurisdiction claims have not yet been litigated and that our early disposition of his § 2255 motion somehow prevented him from raising those claims. (Id. at 22).

Although Defendant contends that the federalism and jurisdiction claims raised in his instant brief have not yet been addressed by this court, we disagree. As recounted in the Section II above, Defendant already raised practically identical federalism and jurisdiction arguments in his actual § 2255 motion, (see Doc. 72 at 13), and, therefore, we already addressed those arguments when we denied of his motion, (see Doc. 78 at 3-

6). While we may not have explicitly used the terms "jurisdiction" or "federalism" in our memorandum disposing of his motion, we nonetheless considered and rejected such arguments. We expressly found that the Defendant's prosecution in federal court was rationally related to various legitimate government interests. (Id. at 6). Specifically, we noted that the federal government had an interest in the effective enforcement of its criminal laws, as well as an interest in the efficient allocation of its resources, and we found that the federal government's decision to prosecute offenders implicated in its own investigations served both of those interests. (Id.)

The mere fact that Defendant is attempting to relabel his selective-prosecution claim as a jurisdictional claim or a federalism claim does not alter our prior disposition. Given that the federal government's prosecution of Defendant served multiple legitimate federal interests, the federal government's decision to prosecute him in federal court was entirely appropriate and did not violate principles of federalism, nor did it amount to selective prosecution. No matter how Defendant labels his claims, his underlying argument—that he should have been prosecuted in state court rather than federal court—remains the same, and this court and the Third Circuit have both rejected that argument on multiple occasions.

*IV.     Conclusion*

In conclusion, Defendant has not shown that this court's denial of his § 2255 motion prior to his reply brief deadline amounted to a due process violation that renders our judgment void. Even if an error occurred, Defendant has not demonstrated that his inability to file a reply brief caused him prejudice or substantial injury. Therefore, his

motion for relief under Federal Rule of Civil Procedure 60(b)(4) will be denied. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge